UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MPC FRANCHISE, LLC, and
MP CLEARY, INC.,

                            Plaintiffs,                  Civil Action No.: _____

vs.

BRENT TARNTINO,

                            Defendant.
_____

## CIVIL ACTION - COMPLAINT

### INTRODUCTION

1.    Plaintiffs MPC Franchise, LLC ("MPCF") and M.P. Cleary, Inc. ("MPCI") are the owners of a nationwide license to use and license others the right to use the trademark "Pudgie's" (the "Mark") in relation to restaurants offering pizza, pasta and subs.  MPCI operates a Pudgie's restaurant, and MPCF sells franchises to individuals who operate Pudgie's restaurant franchises.  MPCI's licensor, TruFoods, LLC ("TruFoods") owns and registered the Mark on the principal register at the United States Patent and Trademark Office (the "USPTO") on April 30, 2002. Defendant Brent Tarntino ("Tarntino") knows that TruFoods owns the federal trademark registration, and knows that MPCI and MPCF own a license to use the Mark.  Despite this knowledge, Tarntino fraudulently obtained a trademark registration of the Mark and is otherwise infringing Plaintiffs' rights in the Mark. Plaintiffs therefore bring this action to protect the goodwill associated with the Mark,

and to protect MPCF's franchisees that are being harmed as a result of Tarntino's unauthorized use of the Mark.

## THE PARTIES

2.      MPCF is a New York limited liability company with a principal place of business at 350 South Main Street, Elmira, New York 14904.  MPCF is the franchisor of the Pudgie's Pizza and Subs franchise restaurant chain.

3.      MPCI is a New York corporation with a principal place of business at 350 South Main Street, Elmira, New York 14904.

4.      Defendant Brent Tarntino is an individual with an address at 134 W. Franklin Street, Horseheads, New York, 14845.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338 in that Plaintiffs' claims against Tarntino are based upon trademark infringement under the Lanham Act, 15 U.S.C. §1051 <u>et seq.</u>

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) in that Tarntino resides in this judicial district and pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in this judicial district.

## NATURE OF THE ACTION

7.      Plaintiffs bring this action as a result of the Tarntino's: (a) fraudulent registration of the Mark on the Principal Register at the USPTO; and (b) unauthorized use of the Mark.  Plaintiffs seek cancellation of the Mark under 15

U.S.C. § 1064(3), a declaration that they are the exclusive licensees of the Mark, and damages as a result of Tarntino's infringement of the Mark under 15 U.S.C. § 1117.

## THE PUDGIE'S TRADEMARK

8. The Mark was first used in commerce in 1963 by Pudgie's Pizza Franchising Corporation ("PPFC") to operate its first restaurant in Elmira, New York.

9. In 1978, PPFC filed for and obtained registration of the Mark on the Principal Register at the USPTO at registration number 1102421.

10. In 1982, TruFoods began operating a fried chicken restaurant chain using the Mark in Long Island, New York.

11. On July 15, 1973, PPFC entered into a franchise agreement with Bernadette M. Tarntino (the mother of defendant Tarntino) for the operation of a Pudgie's Pizza and Sub Shop at 134 W. Franklin Street, Horseheads, New York, 14845. On July 15, 1983, the parties entered into a renewal Franchise Agreement (the "Franchise Agreement"). In Section 26 of the Franchise Agreement, Bernadette M. Tarntino acknowledged "the great value of the publicity and good will [sic] associated with the [Mark]; all of which, together with the trademarks, service marks and all rights and titles in and to said designs, representations and characters, and the adaption and treatments, and the manner and names thereof, belong exclusively to [PPFC] . . .."

12. In 1990, Michael P. Cleary, Sr. formed MPCI to operate the original restaurant in Elmira, New York.

13. On July 12, 2001, TruFoods filed an application to register the Mark with the USPTO in the Goods and Services Category: Restaurant and Carry Out Restaurant Services.

14. On April 30, 2002, TruFoods obtained a registration of the Mark at registration number 2565298.

15. On July 19, 2004, TruFoods (through its predecessor in interest PAT Franchise Systems, Inc.) and MPCI entered into a License Agreement (the "License Agreement") pursuant to which TruFoods granted a non-exclusive, nationwide license to MPCI the right to use and license others the right to use the Mark.

16. On January 5, 2009, MPCF obtained a non-exclusive, nationwide license from MPCI to license others the right to use the Mark.

**TARNTINO'S FRAUDULENT TRADEMARK APPLICATION**

17. Tarntino knows that TruFoods owns a federal trademark registration for the Mark.

18. Tarntino knows that he never used the Mark in commerce.

19. Tarntino is a shareholder of Pudgie's Pizza Corporation – Horseheads, Inc. ("PPC-Horseheads"). Tarntino owns PPC-Horseheads with his siblings.

20. PPC-Horseheads was the corporate entity Bernadette M. Tarntino owned and used to operate the Pudgie's restaurant in Horseheads, New York pursuant to the Franchise Agreement.

21. PPC-Horseheads continues to operate the Pudgie's restaurant in Horseheads, New York.

22. In his trademark application (the "Trademark Application"), Tarntino claims that he first began using the Mark in commerce in 1980. In 1980, Tarntino was a child, and his mother was using the Mark pursuant to the Franchise Agreement to operate the same Pudgie's restaurant that PPC-Horseheads continues to operate today in Horseheads, New York. A true and correct copy of Tarntino's Trademark Application is attached as Exhibit "A."

23. In his Trademark Application, Tarntino included a specimen of what Tarntino alleges is *his* use of the Mark (the "Specimen"). The Specimen, however, contradicts Tarntino's claim to individual use because the Specimen states, just below the pizza man character, "® Pudgie's Pizza Franchising Corporation 1972." As a result, Tarntino knew that he did not use the Mark in commerce.

24. The Specimen that Tarntino submitted clearly indicates that the Mark is owned by PPFC. Tarntino declares under the penalty of perjury in the Trademark Application that the Specimen is proof of *his use* of the Mark. The Specimen itself contradicts this claim because it indicates that the Mark belongs to PPFC and it pre-dates the alleged date of first use claimed by Tarntino.

25. Tarntino declared under the penalty of perjury and pursuant to 18 U.S.C. § 1001 that he was the owner of the Mark and that "no other person, firm, corporation or association has the right to use the Mark . . ."

26. Tarntino declared under the penalty of perjury and pursuant to 18 U.S.C. § 1001 that all of the statements he made in the Trademark Application were true.

27. Tarntino's statement under 18 U.S.C. § 1001 that he owned the Mark is false. TruFoods owns the Mark and Tarntino was aware of this fact when he submitted the Trademark Application.

28. Tarntino's statement under 18 U.S.C. § 1001 that no other entity had the right to use the Mark is false. MPCI and MPCF have the right to use the Mark and Tarntino was aware of this fact when he submitted the Trademark Application.

29. Despite the fact that TruFoods owned a federal trademark registration of the Mark and the fact that the Specimen belonged to PPFC and not to Tarntino, the USPTO granted registration to Tarntino of the Mark at registration number 3922745 on February 22, 2011 in the Goods and Services Categories: Pizza Parlors; Restaurant Services Featuring Pizza, Pasta and Subs.

## TARNTINO'S TRADEMARK INFRINGEMENT

30. On March 30, 2011, Tarntino sent a letter (the "Infringing Letter") to all of MPCF's franchisees (the "Franchisees") that advised them he was the registered owner of the Mark and that he was entitled to nationwide priority with respect to the Mark. The Infringing Letter advised the Franchisees that they are not entitled to use the Mark outside of the geographical area currently served by the Franchisees.

31. In the Infringing Letter, Tarntino demanded that the Franchisees send him any requests for permission to expand their territories.

32. Tarntino has caused confusion and intends to deceive the Franchisees into believing that Tarntino is the owner of the Mark.

33. On April 7, 2011, Plaintiffs served Tarntino with a cease and desist letter (the "Cease and Desist Letter") pursuant to which Plaintiffs demanded that

Tarntino immediately (1) cancel his fraudulent trademark registration with the USPTO; (2) cease and desist all claims to ownership of the Mark; and (3) clearly state in postings on Tarntino's Facebook account and in letters to the recipients of the Infringing Letter, that Tarntino has cancelled his registration of the Mark, that he is not the lawful owner of the Mark, and that Plaintiffs are the lawful and exclusive licensee of the Mark.

34.   Tarntino has not complied with Plaintiffs' demands in the Cease and Desist Letter.

## COUNT I

### Declaratory Judgment

35.   Plaintiffs incorporate the forgoing averments as if fully set forth herein.

36.   TruFoods and MPCI and MPCF (through their respective license agreements) are the owners and exclusive licensees, respectively, of the Mark in connection with pizza restaurants.

37.   Tarntino has never used the Mark in his individual capacity.

38.   Tarntino has no ownership interests in the Mark.

39.   MPCI and MPCF are the only entities that have the right (through their respective license agreements) to use and license others the right to use the Mark in relation to pizza restaurant services.

40.   Tarntino has demanded MPCF and its franchisees cease any efforts to expand their legal use of the Mark into geographical areas outside those they currently serve.

41. There is an actual controversy between the parties having adverse legal interest of sufficient immediacy in reality which warrants the issuance of a declaratory judgment. A real and justiciable question of conflicting legal interests is presented to this Court for its determination.

**WHEREFORE**, Plaintiffs MPC Franchise, LLC and MP Cleary, Inc. demand judgment in their favor and against Defendant Brent Tarntino as follows:

    i. A declaration that Tarntino has no ownership interest in and is entitled to no ownership interest in the Mark;

    ii. A declaration that TruFoods is the owner of the common law rights to the Mark and its registration of the Mark is valid and entitles it, MPCI and MPCF (through their respective license agreements) to use and license others the right to use the Mark throughout the United States; and

    iii. Such further relief as this Court deems just and proper

## COUNT II

### Cancellation of Tarntino's Trademark Registration

42. Plaintiffs incorporate the forgoing averments as if fully set forth herein.

43. Pursuant to 15 U.S.C. § 1064(3), a registered trademark may be cancelled at any time if the registration was obtained fraudulently.

44. As described more fully above, Tarntino's Trademark Application contained fraudulent representations.

45. Tarntino willfully made the fraudulent representations to the USPTO in order to deceive the USPTO into granting him registration of the Mark.

46.  TruFoods and MPCI and MPCF (through their respective license agreements) are the owners of the Mark for use in relation to Restaurant Services.

**WHEREFORE**, Plaintiffs MPC Franchise, LLC and MP Cleary, Inc. demand judgment in their favor and against Defendant Brent Tarntino directing the United States Patent and Trademark Office to cancel Tarntino's registration of the "Pudgie's" trademark at registration number 3922745 with such other relief as this Court deems appropriate.

## COUNT III

### Trademark Infringement and Unfair Competition

47.  Plaintiffs incorporate the forgoing averments as if fully set forth herein.

48.  Tarntino has utilized and benefited from the Mark by fraudulently obtaining a registration of the Mark and by falsely claiming ownership of the Mark.

49.  Tarntino willfully intended to trade on the reputation of and cause dilution of the Mark.

50.  Tarntino is guilty of trademark infringement pursuant to the Lanham Act, 15 U.S.C. §1051, et seq. Tarntino's use of the Mark constitutes a false designation of origin and is likely to cause confusion, mistake or deception as to being affiliated, connected or associated with Plaintiffs in violation of 15 U.S.C. §1125(a). Tarntino's conduct is also a violation of the common law of unfair competition and is an unfair trade practice under common law.

51.  Tarntino's continued operation as set forth above has caused and will cause Plaintiffs irreparable injury in that customers are being deceived by Tarntino as a result of Tarntino's illegal claims to ownership of the Mark; business will be

diverted from Plaintiffs; the Mark will be diluted; and Plaintiffs will lose profits and revenues which, because of Tarntino's conduct, cannot be readily calculated.

52.     Plaintiffs have no adequate remedy at law because Plaintiffs cannot be adequately compensated for the deprivation and dilution of the consumer recognition and goodwill built up under the Mark as a result of Tarntino's conduct.

53.     Plaintiffs' immediate and irreparable harm will continue unless Tarntino is enjoined from continuing to use of the Mark.

**WHEREFORE,** Plaintiffs MPC Franchise, LLC and MP Cleary, Inc. demand judgment in their favor and against Brent Tarntino as follows:

a.     A preliminary and permanent injunction enjoining Tarntino and his agents, employees and any person acting in concert with them from using the Mark or any colorable imitation in any manner whatsoever;

b.     An accounting of and judgment for the profits to which Plaintiffs may be entitled;

c.     Treble damages pursuant to 15 U.S.C. § 1117;

d.     An order requiring Tarntino to deliver and/or destroy all labels, signs, prints, packages, wrappers, receptacles and advertisements in their possession bearing the word and/or symbol that is the subject of the trademark or trade name violation or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same pursuant to 15 U.S.C. §1118;

e.     Punitive Damages;

f.     Attorneys' fees;

g.  Costs of this action; and

h.  Such further relief as this Court deems just and proper.

Dated: June 21, 2011

**LECLAIR KORONA GIORDANO COLE LLP**

/s/ Paul L. Leclair
Paul L. Leclair, Esq.
150 State Street, Suite 300
Rochester, New York 14614
(585) 327-4100
pleclair@leclairkorona.com

- and -

FISHER ZUCKER LLC
Jeffrey Zucker (pro hac vice motion to be filed)
21 South 21st Street
Philadelphia, PA 19103
(215) 825-3100
jzucker@fisherzucker.com

*Attorneys for Plaintiffs*