George R. McGuire
David L. Nocilly
Frederick J.M. Price
Blaine T. Bettinger
BOND, SCHOENECK & KING, PLLC
One Lincoln Center
Syracuse, New York 13202
315-218-8000
315-218-8100 (fax)
gmcguire@bsk.com

Attorneys for Defendant,
Brent Tarntino

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MPC FRANCHISE, LLC, and
MP CLEARY, INC.,

Civil Action No. 6:11-cv-06310-CJS

Plaintiffs,

vs.

BRENT TARNTINO,

Defendant.

---

BRENT TARNTINO and PUDGIE'S PIZZA, CORPORATION - HORSEHEADS, INC.,

Counterclaim Plaintiffs,

vs.

MPC FRANCHISE, LLC, and
MP CLEARY, INC.,

Counterclaim Defendants.

---

**ANSWER OF DEFENDANT BRENT TARNTINO AND COUNTERCLAIMS OF DEFENDANT BRENT TARNTINO AND PUDGIE'S PIZZA, CORPORATION - HORSEHEADS, INC.**

Defendant Brent Tarntino ("Defendant"), by and through his attorneys, Bond, Schoeneck & King, PLLC, answer Plaintiffs MPC Franchise, LLC ("MPCF") and MP Cleary, Inc.'s ("MPCI") (collectively "Plaintiffs") Complaint in accordance with the numbered paragraphs thereof as follows:

## I. ANSWER

### INTRODUCTION

1. Defendant LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the following allegations in Paragraph 1, and therefore DENIES the same: (i) that Plaintiffs are the owners of a license to use a trademark in relation to restaurants offering pizza, pasta, and subs; (ii) that Plaintiffs have the right to license to others the right to use a trademark in relation to restaurants offering pizza, pasta, and subs; (iii) that MPCI operates a Pudgie's restaurant; (iv) that MPCF sells franchises to individuals who operate Pudgie's restaurant franchises; and (v) that TruFoods, LLC ("TruFoods") owns and registered a trademark. Defendant DENIES the remaining allegations in Paragraph 1.

### THE PARTIES

2. Defendant LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2, and therefore DENIES the same.

3. Defendant LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 3, and therefore DENIES the same.

4. Defendant ADMITS the allegations in Paragraph 4.

## JURISDICTION AND VENUE

5. Defendant ADMITS that the Complaint alleges infringement under the Lanham Act, 15 U.S.C. § 1051 et seq., and ADMITS that the Court has subject matter over such claims under 28 U.S.C. § 1331 and 1338.

6. Defendant DENIES the allegations in Paragraph 6, except ADMITS that Defendant resides in this judicial district.

## NATURE OF THE ACTION

7. Defendant DENIES the allegations in Paragraph 7, except ADMITS that Plaintiffs seek: (i) cancellation of the "PUDGIE'S" mark under 15 U.S.C. § 1064(3); (ii) a declaration that they are exclusive licensees of the "PUDGIE'S" mark; and (iii) damages under 15 U.S.C. § 1117.

## THE PUDGIE'S TRADEMARK

8. Defendant LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8, and therefore DENIES the same.

9. Defendant LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9, and therefore DENIES the same.

10. Defendant LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10, and therefore DENIES the same.

11. Defendant LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11, and therefore DENIES the same.

12. Defendant LACKS KNOWLEDGE OR INFORMATION sufficient to form a

belief as to the truth or falsity of the allegations in Paragraph 12, and therefore DENIES the same.

13. Defendant LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 13, and therefore DENIES the same.

14. Defendant LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14, and therefore DENIES the same, except ADMITS that according to Patent & Trademark Office records trademark registration number 2,565,298 was registered on April 30, 2002.

15. Defendant LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15, and therefore DENIES the same.

16. Defendant LACKS KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the in Paragraph 16, and therefore DENIES the same.

**TARNTINO’S TRADEMARK APPLICATION**

17. Defendant DENIES the allegations in Paragraph 17, except ADMITS that Plaintiffs allege in the Complaint that TruFoods owns a federal trademark registration for “PUDGIE’S.”

18. Defendant DENIES the allegations in Paragraph 18.

19. Defendant ADMITS the allegations in Paragraph 19.

20. Defendant ADMITS the allegations in Paragraph 20.

21. Defendant ADMITS the allegations in Paragraph 21.

22. Defendant DENIES the allegations in Paragraph 22, except ADMITS that he was

a child in 1980, and that the PUDGIE'S mark was being used in the operation of the Pudgie's restaurant in Horseheads, New York.

23. Defendant DENIES the allegations in Paragraph 23, except ADMITS that he included a specimen with U.S. Trademark Application No. 85/076,861 ("the '861 application").

24. Defendant DENIES the allegations in Paragraph 24, except ADMITS that he submitted a signed Declaration with the '861 application on July 2, 2010.

25. Defendant DENIES the allegations in Paragraph 25, except ADMITS that he submitted a signed Declaration with the '861 application on July 2, 2010.

26. Defendant DENIES the allegations in Paragraph 26, except ADMITS that he submitted a signed Declaration with the '861 application on July 2, 2010.

27. Defendant DENIES the allegations in Paragraph 27.

28. Defendant DENIES the allegations in Paragraph 28.

29. Defendant DENIES the allegations in Paragraph 29, except ADMITS that the USPTO granted U.S. Trademark Registration No. 3,922,745 ("the '745 registration") on February 22, 2011 in International Class 43 for "Pizza parlors; Restaurant services featuring pizza, pasta, and subs."

**TARNTINO'S ALLEGED TRADEMARK INFRINGEMENT**

30. Defendant DENIES the allegations in Paragraph 30, except ADMITS that he sent a letter to various recipients on March 30, 2011 advising them that he is the owner of the '745 registration and that they are not entitled to use the registered mark outside of the geographical area each serves.

31. Defendant DENIES the allegations in Paragraph 31, except ADMITS that the March 30, 2011 letter demanded that the recipients contact him for permission to expand their geographical territories.

32. Defendant DENIES the allegations in Paragraph 32.

33. Defendant DENIES the allegations in Paragraph 33, except ADMITS that Plaintiffs served him with a cease and desist letter on April 7, 2011 making enumerated demands.

34. Defendant ADMITS the allegations in Paragraph 34.

**COUNT I**
**Declaratory Judgment**

35. With regard to Paragraph 35, Defendant repeats and realleges the responses to Paragraphs 1 through 34 of the Complaint as if fully set forth herein.

36. Defendant DENIES the allegations in Paragraph 36.

37. Defendant DENIES the allegations in Paragraph 37.

38. Defendant DENIES the allegations in Paragraph 38.

39. Defendant DENIES the allegations in Paragraph 39.

40. Defendant ADMITS the allegations in Paragraph 40.

41. Defendant ADMITS the allegations in Paragraph 41.

**Answer to Plaintiffs' Demand for Relief**

Defendant DENIES that Plaintiff is entitled to any relief requested in its Complaint.

**COUNT II**
**Cancellation of Tarntino's Trademark Registration**

42. With regard to Paragraph 42, Defendant repeats and realleges the responses to Paragraphs 1 through 41 of the Complaint as if fully set forth herein.

43. The allegations in Paragraph 43 are legal conclusions to which no response is required.

44. Defendant DENIES the allegations in Paragraph 44.

45. Defendant DENIES the allegations in Paragraph 45.

46. Defendant DENIES the allegations in Paragraph 46.

**Answer to Plaintiffs' Demand for Relief**

Defendant DENIES that Plaintiff is entitled to any relief requested in its Complaint.

**COUNT III**
**Trademark Infringement and Unfair Competition**

47. With regard to Paragraph 47, Defendant repeats and realleges the responses to Paragraphs 1 through 46 of the Complaint as if fully set forth herein.

48. Defendant DENIES the allegations in Paragraph 48.

49. Defendant DENIES the allegations in Paragraph 49.

50. Defendant DENIES the allegations in Paragraph 50.

51. Defendant DENIES the allegations in Paragraph 51.

52. Defendant DENIES the allegations in Paragraph 52.

53. Defendant DENIES the allegations in Paragraph 53.

**Answer to Plaintiffs' Demand for Relief**

Defendant DENIES that Plaintiff is entitled to any relief requested in its Complaint.

## II. AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

54. The Complaint fails to state, in whole or in part, a claim against Defendant upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**
**(Failure to Join a Necessary Party)**

55. The claims in the Complaint are barred, in whole or in part, by Plaintiffs' failure to join a necessary party.

**THIRD AFFIRMATIVE DEFENSE**
**(Innocent Infringement)**

56. The claims made in the Complaint are barred, in whole or in part, because any infringement, if any, was innocent.

**FOURTH AFFIRMATIVE DEFENSE**
**(Statutes of Limitations)**

57. The claims made in the Complaint are barred, in whole or in part, by applicable statutes of limitations.

**FIFTH AFFIRMATIVE DEFENSE**
**(Laches)**

58. Plaintiffs' claims are barred by laches, in that Plaintiffs have unreasonably delayed efforts to enforce their rights, if any.

**SIXTH AFFIRMATIVE DEFENSE**
**(Waiver, Acquiescence, and Estoppel)**

59. Each of the purported claims set forth in this Complaint is barred by the doctrines of waiver, acquiescence, and estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Non-Infringement)**

60. Defendant has not infringed any applicable trademarks under federal or state law.

**EIGHTH AFFIRMATIVE DEFENSE**
**(No Damage)**

61. Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Defendant in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

**NINTH AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

62. Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

**TENTH AFFIRMATIVE DEFENSE**
**(Adequacy of Remedy at Law)**

63. The alleged injury or damage suffered by Plaintiffs, if any, would be adequately compensated by damages. Accordingly, Plaintiffs have a complete and adequate remedy at law and are not entitled to seek equitable relief.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate)**

64. The claims made in the Complaint are barred, in whole or in part, because of a failure to mitigate damages, if such damages exist.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Fraud)**

65. The claims made in the Complaint are barred, in whole or in part, by fraud on the United States Patent & Trademark Office.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Third-Party Use)**

66. The claims made in the Complaint are barred, in whole or in part, by reason of other parties' use of any marks at issue.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Prior Use)**

67. Defendant owns rights in trademarks that are senior to any valid rights Plaintiffs may claim to have in the purported marks alleged by Plaintiffs to be confusingly similar thereto.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Failure to Plead with Particularity)**

68. Plaintiffs fail to plead their second cause of action for fraudulent registration of a trademark with particularity.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Reservation of Rights)**

69. Defendant specifically reserves the right to assert additional defenses as discovery reveals further facts and defenses.

## III. COUNTERCLAIMS

Counterclaim Plaintiffs Brent Tarntino and Pudgie's Pizza, Corporation – Horseheads, Inc., ("PPC-Horseheads") (collectively "Counterclaim Plaintiffs"), by and through their attorneys, make Counterclaims against the Counterclaim Defendants as follows:

**PARTIES**

70. Counterclaim Plaintiff Brent Tarntino is an individual with an address at 134 W. Franklin Street, Horseheads, New York, 14845.

71. Counterclaim Plaintiff PPC-Horseheads is a New York corporation with a principal place of business at 134 W. Franklin Street, Horseheads, New York, 14845.

72. Based on the allegations of the Complaint, Counterclaim Defendant MPCF is a New York limited liability company with a principal place of business at 350 South Main Street, Elmira, New York, 14904.

73. Based on the allegations of the Complaint, Counterclaim Defendant MPCI is a New York corporation with a principal place of business at 350 South Main Street, Elmira, New York, 14904.

**JURISDICTION AND VENUE**

74. This Court has subject matter jurisdiction over these claims under at least 28 U.S.C. §§ 1331, 2201, 2202, and Rule 13 of the Federal Rules of Civil Procedure.

75. An actual and justiciable controversy exists between Counterclaim Defendants and Counterclaim Plaintiffs because Counterclaim Defendants filed the Complaint.

76. This Court has personal jurisdiction over Counterclaim Defendants because they have submitted themselves to the jurisdiction of this Court by bringing the present suit.

77. This Court is the proper venue because Counterclaim Defendants voluntarily elected to sue in this district.

## BACKGROUND

78. Based on the allegations of the Complaint, Pudgie's Pizza Franchising Corporation ("PPFC") obtained registration of the "PUDGIE'S" mark on the Principal Register at registration number 1,102,421 on September 12, 1978.

79. Upon information and belief, U.S. Trademark Registration No. 1,102,421 was cancelled on May 7, 1985 because registrant did not file an acceptable declaration under Section 8 of the Trademark Act.

80. Based on the allegations of the Complaint, Bernadette M. Tarntino entered into an agreement with PPFC in 1973 to use the PUDGIE'S mark for the operation of a Pudgie's Pizza and Sub Shop at 134 W. Franklin Street, Horseheads, New York, 14845.

81. Based on the allegations of the Complaint, PPC-Horseheads is the corporate entity that Bernadette M. Tarntino owned to use the PUDGIE'S mark in the operation of the Pudgie's restaurant located at 134 W. Franklin Street, Horseheads, New York, 14845.

82. Based on the allegations of the Complaint, PPC-Horseheads continues to use the PUDGIE'S mark in the operation of the Pudgie's restaurant located at 134 W. Franklin Street, Horseheads, New York, 14845.

83. Based on the allegations of the Complaint, the owner of the Pudgie's restaurant located at 134 W. Franklin Street, Horseheads, New York, 14845 was using the PUDGIE'S mark at least as early as 1980.

84. On July 2, 2010, U.S. Trademark Application Serial No. 85/076861 was filed with the USPTO for the stylized mark "PUDGIE'S." The '861 Application issued as U.S. Trademark Registration No. 3,922,745 on February 22, 2011 in International Class 43 for "Pizza parlors; Restaurant services featuring pizza, pasta, and subs," with a first use and first use in commerce date at least as early as 1980.

85. Upon information and belief, on July 12, 2001, Arthur Treacher's, Inc. filed U.S. Trademark Application Serial No. 76/283,711. The '711 Application issued as U.S. Trademark Registration No. 2,565,298 ("'298 Registration") on April 30, 2002.

86. Upon information and belief, Arthur Treacher's, Inc. assigned the entire interest to the '298 Registration to PAT Franchise Systems, Inc. on May 29, 2002, and PAT Franchise Systems, Inc. assigned the entire interest to the '298 Registration to TruFoods, LLC on April 21, 2008.

87. Based on the allegations of the Complaint, TruFoods and Counterclaim Defendant MPCI entered into an agreement on July 19, 2004, pursuant to which TruFoods granted MPCI a license to use the U.S. Trademark Registration No. 2,565,298, and the right to license use of U.S. Trademark Registration No. 2,565,298 to others.

88. Based on the allegations of the Complaint, Counterclaim Defendants MPCI and MPCF entered into an agreement on January 5, 2009, pursuant to which MPCI granted MPCF the right to license use of U.S. Trademark Registration No. 2,565,298 to others.

89. Since prior to the registration of U.S. Trademark Registration No. 2,565,298, Counterclaim Plaintiffs have used the "PUDGIE'S" mark for the Pudgie's restaurant located at 134 W. Franklin Street, Horseheads, New York, 14845.

90. Since prior to the registration of U.S. Trademark Registration No. 2,565,298,

Counterclaim Plaintiffs have used the "PUDGIE'S" mark to advertise and sell restaurant services in, and to deliver food to, geographical areas in and around the Pudgie's restaurant located at 134 W. Franklin Street, Horseheads, New York, 14845.

91. Upon information and belief, Counterclaim Defendants have began using the "PUDGIE'S" mark to advertise and sell restaurant services in, and to deliver food to, the geographical areas around the Counterclaim Plaintiffs' restaurant located at 134 W. Franklin Street, Horseheads, New York, 14845.

92. By marketing, delivering, and selling identical and/or similar goods and services in connection with the "PUDGIE'S" mark in geographical areas that have been served only by the Counterclaim Plaintiffs since at least prior to the Counterclaim Defendants' use of the mark in those geographical areas, the Counterclaim Defendants have created a likelihood of confusion, have infringed and continue to infringe Counterclaim Plaintiffs' trademark in violation of the Lanham Act and common law, and have engaged in unfair competition in violation of federal and state law.

## COUNTERCLAIM I

### Federal Trademark Infringement

93. Counterclaim Plaintiffs hereby repeat, reallege, and incorporates by reference all paragraphs of this pleading set forth above as if fully set forth herein.

94. Counterclaim Defendants have engaged in and continue to use of the "PUDGIE'S" mark to advertise and sell restaurant services in, and to deliver food to, geographical areas that have been served only by the Counterclaim Plaintiffs since at least prior to the Counterclaim Defendants' use of the mark in those geographical areas.

95. Counterclaim Defendants' use of the "PUDGIE'S" mark to advertise and sell

restaurant services in, and to deliver food to, geographical areas that have been served only by the Counterclaim Plaintiffs has created a likelihood of confusion and constitutes infringement of Counterclaim Plaintiffs' federally registered trademark in violation of 15 U.S.C. § 1114.

96. Counterclaim Defendants' acts of infringement have been knowing, purposeful, intentional, and willful, and have caused, and are likely to continue to cause, damage to Counterclaim Plaintiffs.

97. Counterclaim Defendants' acts of infringement have deprived Counterclaim Plaintiffs of profits to which they are entitled. In addition, Defendant's acts have caused and will continue to cause irreparable injury to Counterclaim Plaintiffs' business, reputation, and the goodwill associated with the "PUDGIE'S" mark, unless Counterclaim Defendants are permanently enjoined from using the "PUDGIE'S" mark in geographical areas that have been served only by the Counterclaim Plaintiffs since at least prior to the Counterclaim Defendants' use of the mark in those geographical areas.

## COUNTERCLAIM II

### Federal Unfair Competition

98. Counterclaim Plaintiffs hereby repeat, reallege, and incorporates by reference all paragraphs of this pleading set forth above as if fully set forth herein.

99. Counterclaim Defendants' use of the "PUDGIE'S" mark in commerce to advertise and sell restaurant services in, and to deliver food to, geographical areas that have been served only by the Counterclaim Plaintiffs since at least prior to the Counterclaim Defendants' use of the mark in those geographical areas constitutes false designation of origin, false or misleading description of fact, and false or misleading representation that Counterclaim Defendants' goods and services originate with, or are sponsored or approved by, Counterclaim

Plaintiffs, or that Counterclaim Plaintiffs' goods and services originate with, or are sponsored or approved by, Counterclaim Defendants.

100. Upon information and belief, Counterclaim Defendants' actions are likely to cause confusion and to deceive customers, potential customers and the public as to the true affiliation, connection, or association of the goods and services in violation of 15 U.S.C. § 1125(a).

101. Counterclaim Defendants' conduct has deprived Counterclaim Plaintiffs of profits to which they are entitled and has caused and will continue to cause irreparable injury to Counterclaim Plaintiffs' business, reputation, and the goodwill associated with the "PUDGIE'S" mark, unless Counterclaim Defendants are permanently enjoined from using the "PUDGIE'S" mark in geographical areas that have been served only by the Counterclaim Plaintiffs since at least prior to the Counterclaim Defendants' use of the mark in those geographical areas.

## COUNTERCLAIM III

### Common Law Trademark Infringement and Unfair Competition

102. Counterclaim Plaintiffs hereby repeat, reallege, and incorporates by reference all paragraphs of this pleading set forth above as if fully set forth herein.

103. Since at least prior to the Counterclaim Defendants' use of the mark, Counterclaim Plaintiffs have consistently and continuously used the "PUDGIE'S" mark in both word form and certain stylized forms to advertise and sell restaurant services in, and to deliver food to, geographical areas in and around the Pudgie's restaurant located at 134 W. Franklin Street, Horseheads, New York, 14845.

104. Counterclaim Defendants' use of the "PUDGIE'S" mark to advertise and sell restaurant services in, and to deliver food to, geographical areas that have been served only by

the Counterclaim Plaintiffs since at least prior to the Counterclaim Defendants' use of the mark in those geographical areas has created a likelihood of confusion and constitutes infringement of Counterclaim Plaintiffs' common law trademark rights.

105. Counterclaim Defendants' use of the "PUDGIE'S" mark to advertise and sell restaurant services in, and to deliver food to, geographical areas that have been served only by the Counterclaim Plaintiffs since at least prior to the Counterclaim Defendants' use of the mark in those geographical areas also constitutes false designation of origin, misleading description of fact, and false or misleading representation of the origin the goods in violation of common law prohibition against unfair competition.

106. Counterclaim Defendants' conduct has deprived Counterclaim Plaintiffs of profits to which it is entitled and has caused and will continue to cause irreparable injury to Counterclaim Plaintiffs' business, reputation, and the goodwill associated with the "PUDGIE'S" mark, unless Counterclaim Defendants are permanently enjoined from using the "PUDGIE'S" mark in geographical areas that have been served only by the Counterclaim Plaintiffs since at least prior to the Counterclaim Defendants' use of the mark in those geographical areas.

## COUNTERCLAIM IV

### Declaratory Judgment of Non-Infringement

107. Counterclaim Plaintiffs hereby repeat, reallege, and incorporates by reference all paragraphs of this pleading set forth above as if fully set forth herein.

108. This Counterclaim is for a Declaratory Judgment and arises under the Trademark Laws of the United States – 15 U.S.C. §§ 1051 et seq.

109. In the Complaint, Counterclaim Defendants allege that TruFoods obtained U.S. Trademark Registration No. 2,565,298 for "PUDGIE'S," and that they obtained a non-exclusive,

nationwide license to the registered mark from TruFoods (Complaint, Paragraph Nos. 14-16).

110. Counterclaim Plaintiffs have not committed and are not committing any acts that constitute infringement of U.S. Trademark Registration No. 2,565,298.

**COUNTERCLAIM V**

**Injury to Business Reputation Under N.Y. Gen. Bus. Law § 360-*l***

111. Counterclaim Plaintiffs hereby repeat, reallege, and incorporates by reference all paragraphs of this pleading set forth above as if fully set forth herein.

112. Since at least prior to the Counterclaim Defendants' use of the mark, Counterclaim Plaintiffs have consistently and continuously used the "PUDGIE'S" mark in both word form and certain stylized forms to advertise and sell restaurant services in, and to deliver food to, geographical areas in and around the Pudgie's restaurant located at 134 W. Franklin Street, Horseheads, New York, 14845.

113. Counterclaim Defendants' use of the "PUDGIE'S" mark in commerce to advertise and sell restaurant services in, and to deliver food to, geographical areas that have been served only by the Counterclaim Plaintiffs since at least prior to the Counterclaim Defendants' use of the mark in those geographical areas has created and continues to create a likelihood of injury to the public image and reputation of Counterclaim Plaintiffs, and to dilute the distinctive quality of the Counterclaim Plaintiffs' mark.

114. By reason of the foregoing, the Counterclaim Defendants have violated and continue to violate section 360-*l* of the New York General Business Law.

115. The Counterclaim Defendants' conduct has caused and will continue to cause irreparable injury to the Counterclaim Plaintiffs, for which the Counterclaim Plaintiffs have no adequate remedy at law.

116. The Counterclaim Defendants' conduct has caused and will continue to cause damages to the Counterclaim Plaintiffs in an amount to be determined.

**PRAYER FOR RELIEF**

WHEREFORE, Brent Tarntino and PPC-Horseheads respectfully pray that this Court:

a. dismiss MPCF and MPCI's claims in their entirety and with prejudice;

b. deny all remedies and relief sought by MPCF and MPCI;

c. declare that MPCF and MPCI have willfully infringed U.S. Trademark Reg. No. 3,922,745;

d. declare that MPCF and MPCI have committed and are committing acts of false designation of origin, false or misleading description of fact, and false or misleading representation against the Counterclaim Plaintiffs in violation of 15 U.S.C. § 1125(a);

e. declare that MPCF and MPCI have diluted the distinctive quality of the "PUDGIE'S" mark in violation of N.Y. Gen. Bus. Law. § 360-*l*;

f. declare that MPCF and MPCI have willfully infringed Counterclaim Plaintiffs' common law trademark rights and engaged in conduct which constitutes common law unfair competition;

g. permanently enjoin MPCF and MPCI and their directors, officers, agents, employees, attorneys, successors and assigns from using the "PUDGIE'S" mark or engaging in other activity constituting infringement of Counterclaim Plaintiffs' trademark rights in geographical areas previously served only by Counterclaim Plaintiffs;

h. declare that Brent Tarntino and PPC-Horseheads have not committed any legally cognizable form of trademark infringement of the "PUDGIE'S" mark;

i. permanently enjoin MPCF and MPCI, their agents, servants, employees, and all those in active participation or privity with any of them, from charging Brent Tarntino and PPC-Horseheads or their agents, distributors, or customers with infringement of the "PUDGIE'S" mark, from representing to others that Brent Tarntino and PPC-Horseheads are liable for infringement of the "PUDGIE'S" mark, and from otherwise interfering in any way with any of the business activities of Brent Tarntino and PPC-Horseheads;

j. award expenses and costs of this civil action together with reasonable attorneys' fees to Brent Tarntino and PPC-Horseheads; and

k. grant Brent Tarntino and PPC-Horseheads such other further relief as this Court deems just, equitable, and proper.

## IV. DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38, Brent Tarntino and PPC-Horseheads demand a jury trial on all issues so triable.

DATED: August 29, 2011

BOND, SCHOENECK & KING PLLC

By: ______________________

George R. McGuire
David L. Nocilly
Frederick J.M. Price
Blaine T. Bettinger
One Lincoln Center
Syracuse, New York 13202
315-218-8000
315-218-8100 (fax)
gmcguire@bsk.com
dnocilly@bsk.com
joczek@bsk.com
fjprice@bsk.com
bbettinger@bsk.com

Attorneys for Defendant, Brent Tarntino

## CERTIFICATE OF SERVICE

I certify that on August 29, 2011, I caused the foregoing **ANSWER OF DEFENDANT BRENT TARNTINO AND COUNTERCLAIMS OF DEFENDANT BRENT TARNTINO AND PUDGIE'S PIZZA, CORPORATION - HORSEHEADS, INC.** to be served via Electronic Court Filing ("ECF") in compliance with the Federal Rules of Civil Procedure on the following counsel:

Paul L. Leclair
LECLAIR KORONA GIORDANO COLE LLP
150 State Street, Suite 300
Rochester, New York 14614
(515) 327-4100
pleclair@leclairkorona.com

Attorneys for Plaintiffs MPC Franchise, LLC and MP Cleary, Inc.

and via United States First Class Mail upon the following counsel:

Jeffrey Zucker
FISHER ZUCKER LLC
21 South 21st Street
Philadelphia, PA 19103
(215) 825-3100
jzucker@fisherzucker.com

Attorneys for Defendant,
Brent Tarntino