IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MPC FRANCHISE, LLC, and <br> MP CLEARY, INC., <br><br>                  Plaintiffs <br> v. <br><br> BRENT TARNTINO. <br><br>                  Defendant. | CIVIL ACTION NO. 11-cv-6310 |
| BRENT TARNTINO and PUDGIE'S PIZZA, <br> CORPORATION – HORSEHEADS, INC., <br><br>                  Counterclaim Plaintiffs <br> v. <br><br> MPC FRANCHISE, LLC, and <br> MP CLEARY, INC., <br><br>                  Counterclaim Defendants. | |

## PLAINTIFFS' CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiffs MPC Franchise, LLC and MP Cleary, Inc. respectfully submit this cross motion for partial summary judgment pursuant to Federal Rule of Civil Procedure 56(a) based on Counts I and II of their Second Amended Complaint.

MPCI is the owner of a popular restaurant in the Elmira, New York area called Pudgie's which sells pizza, pasta, chicken and submarine sandwiches ("Plaintiff's Pudgie's"). MPCF is MPCI's franchising entity and franchises three other Pudgie's restaurants in other cities. Both MPCI and MPCF are owned by brothers David and Robert Cleary. The Clearys and Defendant Tarntino are first cousins. Tarntino is a one third owner of an independently owned Pudgie's

restaurant located in Horseheads, New York – north of Elmira ("Defendant's Pudgie's"). MPCI and MPCF license the Pudgie's name (the "Mark") and the right to license the Mark to others, from a third party, TruFoods, Inc. ("TruFoods"), who has been using the Mark for restaurants in the New York City area beginning in 1982 and who registered the Mark with the United States Patent and Trademark Office in 2002.

Defendants' Pudgie's has been doing exclusive business including carry out delivery in the Horseheads area as an independent entity since 1993 and has established common law rights to do business under the Mark there. Since the early 1990's Defendants' Pudgie's has also delivered to Elmira Heights to the south. Another Pudgie's ("Pudgie's Northside"), also independently owned and not a party to this litigation, has also delivered to Elmira Heights since the early 1990's. Beginning in approximately 2002, Plaintiffs started delivering to Elmira Heights too, although their advertisements only indicated that they delivered to the border of Elmira Heights.

On July 19, 2004, Plaintiffs entered into a non exclusive, royalty free license to use the Mark and license others to use the Mark for a flat fee. Plaintiffs thereafter opened a franchise which now consists of three Pudgie's restaurants outside the Elmira Heights area.

In 2010 after the relationship between the cousins started to deteriorate, Tarntino registered the Mark in his own name with the USPTO. As required in the application, Tarntino stated under penalty of perjury that "to the best of his/her knowledge and belief, no other person, firm, corporation, or association has the right to use the mark in commerce." He also stated that he first used the Mark in 1980. The facts clearly show that he knew these statements were false when he made them. A cursory search through the USPTO database would have revealed that TruFoods already owned the Mark for restaurant services, and Tarntino knew that his use was non-exclusive. Further, the facts clearly show that Tarntino knew TruFoods had been using the

Mark for restaurant services before he did. Unfortunately, in reliance on Tarntino's misrepresentations, the USPTO granted him a registration for the Mark. TruFoods and Tarntino now both have registrations for the Mark in the same category of restaurant services - TruFoods for "restaurant and carry out services" and Tarntino for "Pizza parlors; Restaurant services featuring pizza, pasta and subs." TruFoods category is more general and completely encompasses that of Tarntino's.

Plaintiffs sued Tarntino June 21, 2011 for declaratory judgment of TruFoods' rights in the Mark (Count I); cancellation of Tarntino's trademark registration (Count II); and trademark infringement and unfair competition (Count III). Tarntino and Counterclaim Plaintiff PPC-Horseheads (the entity which owns Defendant's Pudgie's and of which Tarntino is a one third owner) counterclaimed for, among other things, trademark infringement and declaratory judgment of non-infringement. Specifically, Tarntino seeks an injunction enjoining Plaintiffs from continuing to deliver to Elmira Heights. Tarntino filed his Motion for Summary Judgment on May 30, 2012 against all of Plaintiff's claims and for his own counterclaims. Plaintiffs now file their Opposition to his Motion for Summary Judgment and file their own Cross Motion for Partial Summary Judgment.

The Lanham Act provides that a party can sue for cancellation of another's trademark registration if 1) the registration was obtained fraudulently (15 U.S.C §1064) or 2) if there is another party with a mark in commerce who has prior use and this fact causes confusion, mistake, or deception for the public. (15 U.S.C. §1052). Cancellation of Tarntino's registration of the Mark should be granted for <u>both</u> reasons. Tarntino obtained his registration of the Mark <u>fraudulently,</u> because he knew that he was not the exclusive user of the mark, and because he knew others with rights in the Mark had been using the Mark continuously in commerce in the same category since before he had. TruFoods was using the Mark previously which is likely to

cause confusion in the public's mind, because customers cannot tell if the two Pudgie's are affiliated with each other or whether they are independent businesses.

Finally, Tarntino should not be granted summary judgment on his counterclaim for infringement in Elmira Heights because Defendant's Pudgie's has only a non-exclusive right to deliver there, because it is already sharing the market with Pudgie's Northside, and because Plaintiffs have already been serving the area for a decade.

                                              Respectfully submitted,

/s/ Paul L. Leclair
Paul L. Leclair
Attorney for Plaintiffs:
MP Cleary, Inc. and MPC Franchise, LLC
LECLAIR KORONA GIORDANO COLE LLP
Rochester, New York 14614
(585) 327-4100
pleclair@leclairkorona.com

Dated: June 27, 2012

/s/ Jeffrey Zucker
Jeffrey Zucker
Attorney for Plaintiffs
MP Cleary, Inc. and MPC Franchise
FISHER ZUCKER LLC
21 South 21st Street
Philadelphia, PA 19103
(215) 825-3100
jzucker@fisherzucker.com