UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————————

MPC FRANCHISE, LLC, and
MP CLEARY, INC.,

                          Plaintiffs                      DECISION AND ORDER

-vs-
                                              11-CV-6310 CJS

BRENT TARNTINO,

                          Defendant

———————————————————————————

BRENT TARNTINO and PUDGIE'S PIZZA
CORPORATION - HORSEHEADS, INC.,

                          Counterclaim Plaintiffs

-vs-

MPC FRANCHISE, LLC and
MP CLEARY, INC.,

                          Counterclaim Defendants

———————————————————————————

APPEARANCES

For Plaintiffs/Counterclaim
Defendants:
                          Jeffrey Zucker, Esq.
                          Max A. Staplin, Esq.
                          Maria Jose Morinigo, Esq.
                          Fisher Zucker LLC
                          21 South 21st Street
                          Philadelphia, Pennsylvania 19103

                          Paul L.Leclair, Esq.
                          Leclair Korona Giordano Cole LLP
                          150 State Street, Suite 300
                          Rochester, New York 14614

For Defendants/Counterclaim
Plaintiffs:
                          Brent Tarntino, *pro se*
                          241 Sawdey Road
                          Horseheads, New York 14845

1

## INTRODUCTION

On March 23, 2015, the Court entered judgment against Defendant Brent Tarntino in the amount of $80,535.16.  On March 5, 2015, Defendant filed a notice of appeal.  Now before the Court is Defendant's motion (Docket No. [#90]) for an order staying the judgment against him pending appeal, either without the posting of a supersedeas bond, or with him paying the judgment amount and one year's interest into the Court as security. The application is denied insofar as it requests a stay without the posting of security. However, the application for a stay will be granted if Defendant deposits funds in the amount of the judgment, plus nine percent interest, with the Clerk of the Court.

## BACKGROUND

Defendant, who was represented by counsel up until this point, is now proceeding *pro se*.  While he is entitled to do so, the Court notes that there are pitfalls facing a *pro se* litigant.  As just one example, Defendant is advised that the version of Rule 62(d) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") that he cites in his motion was superseded in 2007.[1]

As for the substance of Defendant's application, he indicates that the Court has discretion to deviate from Rule 62(d)[2], which requires the posting of a supersedeas bond as a condition of staying judgment pending appeal, and  grant his application for a stay without posting a bond.  Defendant contends that in exercising such discretion, the Court

---

[1]Plaintiff indicates that he prepared his motion with the assistance of an attorney who is not admitted to practice in this District.

[2]Fed.R.Civ.P. 62(d) states: " Stay with Bond on Appeal. If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond."

should consider the following factors:  "[W]hether the defendant is likely to prevail on the merits of the appeal; (2) whether, without a stay, defendant will be irreparably injured; (3) whether issuance of a stay will substantially harm the plaintiff; and (4) where the public interest lies." Def. Motion [#90], Memo of Law at p. 4.  However, even assuming that such was the correct standard, of those factors, the only one that Defendant addresses is the first.  That is, Defendant contends that this Court erred by granting summary judgment against him and cancelling his trademark, based on fraud, since he did not subjectively intend to commit fraud.  Defendant maintains, therefore, that the Court should grant his application because he is likely to succeed on appeal.

While it is always possible that the Second Circuit Court of Appeals may reverse a ruling by this or any other District Court, Defendant has not made any persuasive legal argument that such a reversal is likely to occur here.  In that regard, Defendant asserts only that "the record d[id] not contain any admissible evidence that [he] knowingly made false material representations." Def. Motion [90], Memo of Law at p. 4.  However, the Court already thoroughly explained the basis for its ruling, with citations to the evidentiary record. Accordingly, the Court finds that the sole argument offered in support of Defendant's application for a stay without posting a bond lacks merit.

Alternatively, Defendant offers "to pay into Court the amount due on the judgment plus one year interest at 9%" in lieu of a supersedeas bond. Def. Motion [#90] at p. 2. Plaintiffs indicate that they "have no objection" to Defendant doing that instead of posting a bond. Pl. Memo of Law [#91-1] at p. 8.  Plaintiffs emphasize, however, that Defendant must actually deposit the funds, as opposed to merely tendering a check to be held in

escrow, which they suspect may be what he actually has in mind.[3]

Further, Plaintiffs ask the Court to have Defendant post a bond, or pay an additional $40,000.00 into Court, to cover their potential costs, including attorney fees, in litigating the appeal, which they maintain is frivolous.  On this point, Rule 7 of the Federal Rules of Appellate Procedure ("FRAP") states, in pertinent part:  "In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to insure payment of costs on appeal."  In a trademark case such as this, such costs on appeal may include attorney fees incurred defending the appeal. *See, e.g., City of Providence v. Aerospostable, Inc.*, No. 11 Civ. 7132(CM)(GWG), 2014 WL 6487393 at *1 (S.D.N.Y. Nov. 17, 2014) ("There are, of course, statutes that make other types of expenses "taxable costs"—the Copyright Act and the Lanham Act, for example, make attorneys' fees a form of "costs" that can be taxed on appeal, and so encompassed in an appeal bond[.]"); *see also*, FRAP 38 & 39.   Consequently, if Defendant's appeal is unsuccessful, he may be required to pay such costs to Plaintiffs, regardless of whether this Court grants Plaintiffs' application for a bond under FRAP 7.

At present, however, Plaintiffs' application is based only on the unexplained statement that, "It is estimated that Plaintiffs will incur attorney's fees and costs in the amount of $40,000 in connection with Tarntino's appeal." Def. Memo of Law at p. 9.  That amount for an appeal seems high in comparison to the judgment amount, which represents the costs and attorney fees incurred in the underlying action which spanned almost four years.  However, even if Plaintiffs eventually demonstrate that they are entitled to such

---

[3]Plaintiff's skepticism on this point seems justified, given Defendant's choice of language in his memo of law. *See*, Def. Motion [#90], Memo of Law at p. 8 ("[T]he *check held in escrow* should afford sufficient security to the plaintiffs[.]") (emphasis added).

additional costs following the appeal, which they might do, the request is too speculative to grant at this time.

CONCLUSION

Defendant's application [#90] is denied insofar as it seeks a stay of the judgment without the posting of a bond.  The Court will, however, grant Defendant's alternative request to stay enforcement of the judgment pending appeal if he first pays into Court the amount of the judgment, $80,535.16, plus nine percent interest ($7,248.16).  Plaintiffs' request for a bond under FRAP 7 is denied.

SO ORDERED.

Dated:      April 9, 2015
            Rochester, New York

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge